OPINION OF THE COURT — by the
Hos. POWHATTAN ELLIS.
The complainant represents in his bill, that on the 10th of September, 1817, Thmas M. Green, in consideration, that a certain Levin L. Cartwright agreed to pay him the said Green, the sum of one thousand dollars, and had executed his several notes for the same, payable in instalments, bargained and sold to the said L. L. Cartwright, a certain lot or parcel of *160 ground, in the town of Greenville, containing forty square poles, &c. and that said Green executed to said Cartwright, his bond, in the sum of three thousand dollars, to make to said Cartwright, on or before the 13th day of January ensuing, a good and sufficient title, or general warranty deed and in fee simple to the said lot and its appurtenances, and that some time after making the aforesaid contract he treated with said Cartwright for the purchase of said lot, and agreed with him to give the money therefor, that he the said Cartwright was bound to pay the said Green. It was then agreed by all parties, that Cartwright’s notes for the amount of the purchase money should be cancelled, and complainant’s notes given in lieu thereof, and that the bond from Green to Cartwright to convey title should be transferred tp the complainant. The complainant further represents, that he was let into the possession of the lot aforesaid, and immediadely commenced making repairs and improvements of considerable value, in the full belief that said Green had a good title to the same, and would according to the tenor of his covenant, convey title, whenever it was required. In this he failed, and commenced suits upon the notes when they became due, and obtained judgment. The complainant concludes with the following specific prayers: — For perpetual injunction, rescission of the contract, — to raise an account--to decree a specific performrnce of the covenant to convey title — and for general relief, &c.
The answer of defendant admits. That the several contracts mentioned in complainants bill were executed as therein stated, but that said Cartwright knew the title to said lot was then in respondent’s mother, and that she was to make titles as soon as she returned to the country. Respondent denies he ever refused to make titles to complainant, but on the contrary, tendered the same, which were refused. The respondent derives title from a Spanish grant through his mother, (as administratrix of the estate of his deceased father, Henry Green,) who was authorized to sell the same by an act of the territorial legislature, passed on the 7th day of December, 1812. At a superior court of chancery, for the western district, held on the 2nd Monday in January, 1823, this case was opened, upon a motion to dissolve the injunction, and after hearing counsel, and due deliberation being had theveon, the motion was sustained, and injunc. tion dissolved. An appeal was taken to (his court. The complainant *161 iras no right to complain, it appearing from the time of the execution of the contract between L. L. Cartwright,; Thomas Gale, and Thomas M. Green, that he was put into possession of the lot now in controversy, and has remained in possession ever since. If Green has complied with his covenant to convey title (which appears to be the fact,) and that Gale remains in possession by virtue of the sale, how is it to be said he can consistently ask for relief, when it is manifest the covenant under which he seeks redress, has been entirely fulfilled. If there had been an eviction by a paramount title, subsequent to the lender of a deed of conveyance, we should feel no hesitation in staying the judgment at law, until Green quieted complainant in the possesion of the lot in contest, in strict conformity to the deed of covenant to convey title. Decree of the Chancellor affiirmed.
Chief Justice Hampton concurred.